■ JACINTO REMIGIO, an Infant, by His Mother and Natural Guardian, LUZ BATISTA, et al., Respondents, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant. [737 NYS2d 364] —Order, Supreme Court, New York County (Marcy Friedman, J.),

entered January 23, 2001, which denied appellant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

This is a negligence action for damages allegedly sustained when the infant plaintiff fell off a jungle gym in the playground of the school he attended. Following completion of discovery, defendant New York City School Construction Authority (NYC-SCA) moved for summary judgment dismissing the complaint as against it claiming that since NYCSCA did not construct, design or maintain the jungle gym or have any supervisory or other control over the playground or its facilities, NYCSCA could not be found negligent. Deposition testimony established that NYCSCA's sole connection with the playground equipment began and ended with installation. Approval of design and maintenance after installation were the responsibility of the Board of Education. In contrast with this specific evidence in admissible form, plaintiffs submitted no evidence which could arguably connect NYCSCA to any negligent conduct, but relied instead upon general and conclusory allegations of negligence which were an insufficient basis on which to deny appellant's motion (*Zuckerman v City of New York*, 49 NY2d 557, 562). Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.